Dear Mr. Brumfield,
This office is in receipt of your opinion request dated February 2, 1996, in which you present issues relative to meetings of the Morehouse Parish Police Jury and its committees. Specifically, you state that the police jury revised its composition from eleven (11) members to seven (7) members in 1994. Prior to this recomposition, certain committees were established by the police jury consisting of four or more of the members on each committee. Unfortunately, the number of these committee members was not reduced to reflect the decrease in the number of members of the police jury.
Your concern lies in the fact that when these committees meet, what effectively occurs is a meeting of a quorum of the police jury. You ask:
 1. Whether a committee of four members of the policy jury would be in violation of the law if they discuss matters over which the police jury has supervision, control, jurisdiction, or advisory power when the committee votes to make recommendations to the full police jury.
 2. Is a meeting of this committee legally allowed to exclude a non-committee police juror from voting in the committee meeting?
We direct you to LSA-R.S. 41:1 et seq. relative to public officers and employees. LSA-R.S. 42:4.2 provides pertinent definitions and states:
 A. For the purposes of R.S. 42:1 through R.S. 42:12:
 (1) "Meeting" means the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power.
 (2) "Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissioners; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
 (3) "Quorum" means a simple majority of the total membership of a public body.
 B. The provisions of R.S. 42:4.1 through 42:12
shall not apply to chance meetings or social gatherings of members of a public body at which there is no vote or other action taken, including formal or informal polling of the members.
A reading of these provisions indicates that a committee for the police jury, whether it consists of police jury members or not, is considered a separate "public body" for the purposes of LSA-R.S. 42:4.1 et seq. The number of committee members is only important insofar as a determination of what constitutes a quorum of that committee is necessary.
Whether or not the number of committee members happens to reflect a "simple majority of the total membership" of the police jury is of no matter. Consequently, so long as the committee abides by the public notice requirements of LSA-R.S. 42:1 et seq., it may hear and review matters under its authorization as defined by the police jury.
However, the committee may not take action in matters that are the business of the police jury proper. Such action may only be taken at a meeting that has been noticed as a meeting of the police jury.
In answer to your second question, just like any other individual, a police jury member cannot be excluded from a public meeting of a committee. However, if that member is not a committee member, he may be properly refused a vote in any committee matters before that body.
I trust this adequately addresses your concerns. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL